UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PETER McCLUSKEY,

                             Plaintiff,

               - against -

SAMUEL D. ROBERTS, New York State Commissioner
of the Office of Temporary and Disability Assistance, acting
in his individual capacity, and DARLA P. OTO, Principal
Hearing Officer of the Office of Temporary and Disability
Assistance, acting in her individual capacity,

                           Defendants.
------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-2386 (RRM) (ARL)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      This is at least the second civil rights action brought by *pro se* plaintiff Peter McCluskey against Samuel Roberts, the Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA"), and Darla P. Oto, the Principal Hearing Officer at OTDA, in which he complains about their actions in affirming a 2017 decision by the Nassau County Department of Social Services which refused to take into consideration McCluskey's unincurred dental expenses in calculating his income and his SNAP benefits (formerly known as food stamps). Defendants now move to dismiss this action on various grounds, including res judicata. McCluskey not only opposes that motion, but moves for sanctions against defendants' counsel, alleging that certain arguments raised in the reply brief are without support in fact or law. In addition, McCluskey moves for leave to file a second amended complaint. For the reasons set forth below, defendants' motion to dismiss is granted and McCluskey's motions are denied.

## BACKGROUND

      Unless otherwise indicated, the following facts are drawn from McCluskey's complaint, the allegations of which are assumed to be true for purposes of this motion. McCluskey is a

resident of Lynbrook, New York , which is located in Nassau County. (Compl. (Doc. No. 1) at ¶ 5.) On May 12, 2017, he applied to the Nassau County Department of Social Services ("DSS") for an increase in his SNAP benefits based on an increase in actual and anticipated medical and dental expenses. (*Id.* at ¶ 7.) Among the documents McCluskey submitted was a sworn statement from a Dr. Berger attesting to McCluskey's anticipated dental expenses during the certification period. (*Id.*) The actual expenses were accepted by DSS and reflected in their calculation of McCluskey's SNAP benefits. (*Id.*) However, DSS refused to consider the anticipated dental expenses, asserting that anticipated expenses are never included in calculating the SNAP medical deduction. (*Id.*)

McCluskey appealed this ruling, requesting a Fair Hearing before the OTDA. On August 4, 2017, he received a Fair Hearing Decision which affirmed DDS's ruling. That decision read, in pertinent part:

> Office Regulations at 18 NYCRR 387.12(c) advise that for SNAP budgeting purposes, deductions from income include that portion of allowable medical expenses … which are in excess of $35 per month and incurred. In this case, the undisputed record demonstrates that the Appellant has not yet incurred the anticipated dental expenses. Therefore, the Agencies [*sic*] determination as to the amount of the deductible medical expenses … is affirmed.

(Compl. at ¶ 8 (emphasis in original)).

In a letter dated August 8, 2017, McCluskey requested that the OTDA Office of Administrative Hearings ("OAH") review the Fair Hearing Decision pursuant to 18 NYCRR § 358-6.6(a). (Compl. at ¶ 11.) In that letter, which is attached to the complaint as Exhibit 2, McCluskey argued that the Fair Hearing Decision was contrary to a provision in 7 C.F.R. § 273.10(d)(4), which requires a State agency to "calculate a household's expenses based on the expenses the household expects to be billed for during the certification period." He argued that

18 NYCRR § 387.12(c), which permits deductions "consisting of that portion of medical expenses, excluding special diets, which are in excess of $35 per month and incurred by a household member who meets the definition of elderly (age 60 and older) or disabled," is inconsistent with the federal regulation and the law on which the regulation is based: 7 U.S.C. § 2014(e)(5)(B).

In a letter dated September 11, 2017, Principal Hearing Officer Darla Oto rejected McCluskey's request for OAH review, stating that OAH "found no basis to establish that the Decision is incorrect." (*Id.* at ¶¶ 13–14.) She did not address McCluskey's arguments but maintained that the anticipated expenses could not be considered because they were "just estimates." (*Id.*)

On September 15, 2017, McCluskey sent a letter to OTDA Commissioner Samuel Roberts, arguing that the Fair Hearing Decision and 18 NYCRR § 387.12 were both contrary to 7 U.S.C. § 2014(e)(5)(B). (Compl. at ¶ 19.) In his letter, which is attached to the complaint as Exhibit 3, McCluskey cited to *McCluskey v. Nassau Cty. Comm'r of Soc. Servs.*, 12-CV-3852 (JFB) (ETB), as evidence that DSS had been engaged in this same "illegal practice" since 2012, and argued that OTDA had perpetuated the illegality by affirming DSS decision based on 18 NYCRR § 387.12. Roberts took no action in response to this letter.

This Action

In April 2019, McCluskey filed this § 1983 action against Roberts and Oto in their individual capacities. The complaint contains three causes of action. First, McCluskey asserts that defendants violated the Supremacy Clause by applying 18 NYCRR § 387.12(c) to deny consideration of anticipated medical expenses, even though this state regulation was in violation of 7 U.S.C. § 2014(e)(5)(B) and 7 C.F.R. § 273.10(d)(4). Second, he alleges that defendants

3

knowingly violated 7 U.S.C. § 2014(e)(5)(B)(ii), 7 C.F.R. § 273.10(d)(4)(III), and 7 U.S.C. § 2020(e) by denying him the deduction for anticipated expenses and requiring him to submit recertification forms listing only incurred medical expenses. Third, McCluskey implies that defendants violated their obligations under New York Social Services Law 22 by "knowingly affirming the application of 18 NYCRR § 387.12(c)."

McCluskey's Prior Litigation

In his pleading, McCluskey discusses litigating this alleged conflict between state and federal law in this district on two prior occasions. First, in describing his September 15, 2017, letter to Commissioner Roberts, McCluskey states that he raised this conflict in a 2012 lawsuit relating to a previous instance in which DSS refused to adjust his SNAP benefits based on anticipated medical expenses. Although the body of the complaint does not provide more specifics regarding the 2012 case, the case name and docket number appears in McCluskey's letter to Roberts, which is attached to the complaint as Exhibit 3.

Second, the complaint devotes several pages to discussing a federal lawsuit which McCluskey commenced in October 2017 against, among others, Roberts and Oto. (Compl. at ¶¶ 25–38). According to McCluskey's pleading in this action, the amended complaint in the 2017 lawsuit – *McCluskey v. Imhof*, No. 17-CV-5873 (JFB) (ARL) (the "2017 Action") – raised essentially the same issues raised in this action: whether the DSS and OTDA decisions discussed above violated federal law by relying on 18 NYCRR § 387.12(c) rather than following 7 U.S.C. § 2014(e)(5)(B) and 7 C.F.R. § 273.10(d)(4). (Compl. at ¶ 26.) Although the complaint alleges that the 2017 Action is still pending and has yet to determine "whether 18 NYCRR § 387.12 is in conflict with 7 U.S.C. § 2014," (*id.* at 25, 27), it acknowledges that the Court issued an order dismissing that case on September 21, 2018 – more than six months before

this action was commenced. (*Id.* at ¶ 38.) McCluskey argues that because he filed a timely post-judgment motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on October 9, 2018, which was still pending at the time he commenced this action, the judgment in the 2017 Action was not final. (*Id.* at ¶ 38.)

The Instant Motions

Defendants, who are jointly represented by Assistant Attorney General Antonella Papaleo, now move to dismiss this action. Defendants principally argue that this action is barred by the doctrines of res judicata and/or collateral estoppel. However, defendants also argue, among other things, that McCluskey's request for retrospective injunctive relief is barred by the Eleventh Amendment complaint and that McCluskey fails to allege a viable section 1983 claim.

In addition to opposing defendants' motion to dismiss, McCluskey has filed two motions of his own. First, McCluskey moves to amend his complaint to add details regarding the New York regulations at issue and to further his arguments regarding Oto's fraudulent conduct. Second, McCluskey moves to impose sanctions on AAG Papaleo pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, asserting that defendants' Reply Memorandum of Law (Doc. No. 17) ("Reply Brief") violates Rule 11(b) because it conceals "facts and law," makes "factual contentions that have no legitimate evidentiary support," and reaches "legal conclusions that are not warranted by existing law." (Plaintiff's Motion for Sanctions (Doc. No. 18-1) at 2.) McCluskey points to five portions of the Reply Brief that are allegedly sanctionable: 1) the claim that the allegations against Oto involve the same conduct alleged in the 2017 Action and the claim that these allegations do not state a claim against Oto; 2) the argument that McCluskey's claims for retroactive injunctive relief are barred by the Eleventh Amendment; 3) the argument that McCluskey's claims are barred by res judicata, even though the instant action alleges that

5

defendants are liable in their individual capacities; 4) the argument that McCluskey fails to state a claim; and 5) the argument that the judgment entered in the 2017 Action was final when this action was commenced, even though a Rule 59(e) motion was pending.

## STANDARD OF REVIEW

Defendants' motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits a party to move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).

In evaluating a Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A complaint need not contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (*citing Twombly*, 550 U.S. at 570).

A *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris*, 572 F.3d at 72 (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement and the allegations in the complaint do not raise a plausible claim to relief, dismissal is warranted. *See Twombly*, 550 U.S. at 558; *see also Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

### A. Res Judicata

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)). To ascertain the scope of the preclusive effect of a federal court's judgment issued under its federal-question jurisdiction, the Second Circuit has looked to "the federal common law of preclusion." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012). Under that caselaw, a defendant seeking to assert a res judicata defense "must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine*, 758 F.3d at 499 (internal brackets omitted).

This case is clearly barred by the doctrine of res judicata. First, McCluskey's 2017 Action was adjudicated on the merits as to all four of the defendants named in that action, including Roberts and Oto. In her report and recommendation dated August 27, 2018, Magistrate Judge Lindsay recommended granting defendants' motion to dismiss because, among other things, McCluskey's amended complaint failed to state a viable § 1983 action against any of the four defendants. Although McCluskey objected to this recommendation, Judge Bianco reached the same conclusions after conducting a de novo review and entered judgment against McCluskey. It is well established that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947)).

Second, it is beyond question that the 2017 Action involved the same plaintiff as the instant action: McCluskey. Although McCluskey's complaint in this case alleges that "the individual capacity defendants in this action are not in privity with the official capacity defendants in the 2017 [A]ction," (Compl. at ¶ 39), the second element does not require that defendants establish that they were the same as, or in privity with, the defendants in the prior action. Rather, it requires that the plaintiffs in both actions be the same.

Third, the claims asserted in this action could have been raised in the 2017 Action. "Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" *TechnoMarine*, 758 F.3d at 499 (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992)). To determine whether two actions arise from the same transaction or claim, courts consider "whether the underlying facts are related in time,

8

space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)).

To be sure, the claims raised in this action are not identical to those raised in the 2017 Action. In this action, McCluskey sues Roberts and Oto in their individual capacities, alleging that these defendants violated the Supremacy Clause by applying provisions of 18 NYCRR § 387.12(c) and ignoring the provisions of 7 U.S.C. §§ 2014(e)(5)(B)(ii), 2014(e)(5)(B)(iii), and 2020(e). In the 2017 Action, McCluskey sued Roberts and Oto (along with DSS Commissioner Imhof and DSS Snap Director Ryan) in their official capacities, alleging that they followed unlawful customs, policies, and practices in denying McCluskey benefits to which he was entitled.

It is beyond dispute, however, that both this action and the 2017 Action focused on the same transaction or series of transactions: the DSS's decision not to consider the anticipated medical expenses described in Dr. Berger's affidavit, Principal Hearing Officer Oto's affirmance of that decision, and OTDA Commissioner Roberts refusal to take any action in response to McCluskey's letter alerting him to DSS's allegedly illegal practice. The facts alleged by McCluskey in support of the 2017 Action were, in large part, identical to the facts alleged in support of the instant action, so the same evidence would be needed to support both claims. Finally, the facts essential to the instant action were also present in the 2017 Action.

In arguing that res judicata does not bar this action, McCluskey primarily relies on *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), a case which considered the question of when a judgment becomes final for appeals purposes under 28 U.S.C. § 1291. However, "whether an order is final for appellate review purposes is not dispositive of its finality for res

9

judicata purposes." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007) (citation omitted). "A district court judgment is 'final' for purposes of res judicata even if a Rule 59(e) motion or an appeal from that judgment is pending." *Dunne v. Res. Converting, LLC*, No. 4:16-CV-1351 (DDN), 2019 WL 1262185, at *2 (E.D. Mo. Mar. 19, 2019); *see also Freedom Plastics, Inc. v. Sparta Polymers, LLC*, No. 2:11-CV-334 (WCO), 2013 WL 12290256, at *8 (N.D. Ga. Nov. 1, 2013) ("[F]ederal courts have recognized that a judgment can be final for res judicata purposes even though it has a Rule 59(e) (or similar post-judgment) motion pending.")

B. Other Grounds for Dismissal

Although the Court has determined that this action is barred by res judicata, the Court notes other obvious defects in McCluskey's complaint. First, it fails to state a § 1983 claim against Roberts. "[T]o establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Adams v. Simone*, 759 F. App'x 82, 84 (2d Cir. 2019) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013)). McCluskey does not adequately allege personal involvement on the part of OTDA Commissioner Roberts.

Second, there is no basis for imposing individual liability on Oto. McCluskey faults Oto for decisions she made in her judicial capacity as an OTDA Hearing Officer. Non-federal administrative officers enjoy absolute judicial immunity with respect to actions takes in their judicial capacity. *See, e.g.*, *Durant v. New York City Hous. Auth.*, No. 12-CV-00937 (NGG) (JMA), 2012 WL 928343, at *2 (E.D.N.Y. Mar. 19, 2012) (citing cases); *Clark v. United States*, No. 1:16-CV-740 (BKS) (CFH), 2016 WL 10570930, at *9, n. 22 (N.D.N.Y. Aug. 29, 2016) (claims against hearing officer at OTDA barred by the doctrine of judicial immunity), report and

10

recommendation adopted, No. 1:16-CV-740 (BKS) (CFH), 2016 WL 6610734 (N.D.N.Y. Nov. 9, 2016).

Third, the complaint does not allege the violation of a federal constitutional or statutory right that can serve as a basis for a § 1983 claim. As the Court explained to McCluskey in its September 30, 2019, memorandum and order denying his Rule 59(e) motion in the 2017 Action, "[i]n order to seek redress through § 1983, ... a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *McCluskey v. Imhof*, No. 17-CV-5873 (RRM) (ARL), 2019 WL 4861372, at *6 (E.D.N.Y. Sept. 30, 2019) (quoting *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis in original)). "[T]he Supremacy Clause is not the source of any federal rights, … and certainly does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015) (internal quotation marks and citation omitted). Neither the Second Circuit nor any court in this Circuit has yet held that violations of 7 U.S.C. § 2014(e)(5)(B) can be privately enforced through a civil rights action and McCluskey has not established a violation of this statute. *McCluskey*, 2019 WL 4861372, at *7. While the Second Circuit has held that the time limits set forth in 7 U.S.C. § 2020(e)(3) and (9) are privately enforceable through lawsuits pursuant to § 1983, *see Briggs v. Bremby*, 792 F.3d 239, 241–46 (2d Cir. 2015), McCluskey is not alleging that defendants did not timely adjudicate his eligibility or pay benefits. Rather, he is complaining about their determination as to the amount of benefits to which he is entitled.

C. Motion to Amend

"Typically, a pro se plaintiff must be 'grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Yu v. City of New York*, 792 F. App'x 117, 118 (2d Cir. 2020) (summary order) (quoting *Cuoco v.*

11

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, leave to amend need not be granted where amendment would be futile because the problems with the complaint's claims are substantive and not the result of inartful pleading. *Id.* The amendment McCluskey proposes in his Rule 15(a) motion will not cure the substantive problems discussed above. Accordingly, McCluskey motion for leave to amend his pleading is denied.

    D. <u>Motion for Sanctions</u>

    Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ….

Fed. R. Civ. P. 11(b). Rule 11(c)(1) provides that a court may impose "an appropriate sanction" if it determines that Rule 11(b) has been violated.

    McCluskey argues that the Reply Brief filed by defendants' counsel violates Rules 11(b)(2) and (3) in five respects. However, the portions of the Reply Brief identified in the motion for sanctions are largely correct and do not merit sanctions. First, the allegations against Oto in this case involve the exact same conduct alleged in the 2017 Action and, as explained above, do not state a viable claim against Oto. Second, while a § 1983 plaintiff may recover damages from state officials in their individual capacities, requests for a retroactive injunction

that would require payment by the state are barred by the Eleventh Amendment. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (recognizing that "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). Third, as discussed above, this action is barred by res judicata; the judgment entered in the 2017 Action was final for res judicata purposes when this action was commenced, even though a Rule 59(e) motion was pending. Finally, as explained above, defendants' counsel was correct in arguing that McCluskey failed to state a § 1983 claim against defendants.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the complaint is granted. McCluskey's motion for leave to amend the complaint and his motion to impose Rule 11 sanctions on defendants' counsel are denied. The Clerk of Court is directed to enter judgment against McCluskey; to mail a copy of that judgment and this Memorandum and Order to McCluskey, to note that mailing on the docket sheet, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge